CLEMONS, Trustee in bankruptcy, Appellant, vs. PARKER, Commissioner of Banking, Respondent.

*March 9—April 3, 1928.*

*Bankruptcy: Preferential transfers: Mortgage substituted for valid deed theretofore delivered by bankrupt: Knowledge of parties as to effect of transfer.*

1. Where a mortgage by a bankrupt within four months of bankruptcy proceedings was given to effectuate that which had already been done by the execution of a deed prior to the four-months period, such mortgage can properly be considered as a substitute for the deed, rendering it valid if the deed was effectively delivered and valid. p. 531.
2. An unrecorded deed executed by the bankrupt, who was an officer of a bank, at the direction of the state banking com-

missioner, as security for unsecured obligations of the bankrupt and his son, is *held* not to constitute a voidable transfer where there was no substantial change in the bankrupt's financial condition or that of the bank between the time of the execution of the deed and the bankruptcy, and the circumstances showed that both the bankrupt and the commissioner believed that conditions would improve and that the bank and the officer could be saved from bankruptcy. p. 531.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This action was brought March 6, 1926, by the plaintiff trustee against the defendant to set aside a mortgage by George L. Pullen because given within the four-months period prior to his bankruptcy in August, 1925. After trial in July, judgment was entered July 9, 1927, establishing the validity of the mortgage.

For the appellant there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood,* attorneys, and *Paul N. Grubb,* of counsel, all of Janesville, and oral argument by *O. A. Oestreich.*

. For the respondent there was a brief by *Roger G. & Robert J. Cunningham* of Janesville, attorneys, and the *Attorney General* and *H. A. Minahan,* deputy attorney general, of counsel.

ESCHWEILER, J. In January, 1925, one George L. Pullen was, for a long time had been, and so continued for a time thereafter, the owner of or controlling a large majority of the capital stock of $25,000 of the Bank of Evansville. He had practically the sole management of the bank's affairs; his two sons, each owning a small number of shares, were employees.

The bank at this time held several secured obligations of Pullen and also held his further obligations for $8,000 and of L. Spencer Pullen, one of said sons, for $3,200, all such being unsecured. Upon the insistence of the defendant, state commissioner of banking, and under the law forbidding the holding of such unsecured obligations, George L. Pullen and

his wife by warranty deed conveyed certain property, the Shively Block, belonging to them, in the city of Evansville, reciting a consideration of one dollar and other considerations, dated and acknowledged on the 7th day of January, 1925. At the same time Pullen signed a document reading as follows:

"I have this date given deed to Bank of Evansville for Shively Building to secure my notes of $8,000 now in bank, and $3,200 notes of J. S. Pullen. This deed will be held by me in trust unrecorded until further instructions are received from state banking dept."

Such deed was not recorded and was at that time placed by George L. Pullen, together with the writing just above set forth, in an envelope containing other securities belonging to the bank, but containing no papers or documents belonging to or relating to the personal affairs of Pullen. This deed and paper appear to have remained in the same envelope until after the bank was taken over by the banking commissioner for liquidation on June 23, 1925.

In February a representative from the state banking department became assistant cashier and an employee of the bank, taking the place of J. Spencer Pullen, and so remained until liquidation proceedings.

Directions were given to Pullen by the state banking department one or more times between February and June, 1925, to have such deed recorded.

On June 20th, at the suggestion and to meet the desire of Pullen, a mortgage on the same property to secure the identical obligations above stated was executed by Pullen and his wife, delivered to the bank, and recorded on June 23d, the day on which the bank was taken over by the banking department.

On August 26, 1925, a petition for involuntary bankruptcy was filed, and on October 7th, upon due proceedings, Pullen was adjudged bankrupt and the plaintiff was thereafter appointed trustee and brought this action to set aside

the said mortgage, the defendant asserting by answer that the deed of January and the mortgage of June were in substance one transaction as security for the said obligations of George L. and J. Spencer Pullen and should be held valid as a lien in favor of the Bank of Evansville. By agreement the property was subsequently sold, realizing an amount not sufficient to cover the $8,000 obligation of George L. Pullen, so that any questions regarding the effect of the instruments so far as the obligations of J. Spencer Pullen are concerned are deemed by the parties hereto, and therefore so treated, as of no practical importance.

The main question presented and contested on the trial was whether or not the transaction of January 7, 1925, amounted to an effective delivery of the deed by Pullen to the bank, it being conceded that the mortgage of June 20th, if standing alone and being within four months prior to the bankruptcy proceedings against Pullen, would be void under the federal statute.

It is earnestly and ably urged on behalf of the plaintiff, representing the creditors of George L. Pullen as an individual, as against the defendant, representing the creditors of the bank, that the testimony of Pullen, and of the representatives of the state banking department connected with the matter, was such that the trial court should have found that Pullen intended to reserve such a control over and possession of the deed of January 7th to suit his own purpose or in some way help to preserve the credit or standing of the bank itself, that there was no completed delivery sufficient to meet the legal requirements in order to make it effective in favor of the bank.

We deem it unnecessary to go into the details of this evidence, particularly that of George L. Pullen himself and the apparent uncertainty as to just what was his real intention and mental attitude at the time of the executing of the deed and the writing above quoted. His testimony was evasive, shifting, and uncertain, but it all presented the familiar situa-

tion where it is for the trial court to decide. He may well have reached a conclusion the other way on that question, but there is no such evidence in the record here as would compel us to adopt the conclusion for which the plaintiff contends.

There is no dispute between the parties but that the mortgage given just before the bank was closed was to effectuate in the form of a mortgage that which was done, as contended by defendant, by the deed of January, it being Pullen's expressed and controlling desire to substitute the mortgage for the deed, and the mortgage therefore can properly be considered, as it was by the trial court, as though it, instead of the deed, had been executed in January, 1925, and prior to the four months preceding bankruptcy proceedings.

There was also presented the separate question whether or not the deed of January, if held effective, constituted a voidable transaction. This question also was within a field in which a conclusion might fairly and reasonably be reached either way. And this is so even where, as here, the transaction was between an individual and a bank of which he was in control, with the knowledge each had of the affairs of the other, and where, as here, there was no substantial change in either his financial condition or that of the bank between January and the closing of the bank's doors in June or his own bankruptcy, and where, on the other hand, the circumstances showed that both Pullen and the state banking department evidently felt and believed for some time after January, and even when the mortgage was given, that conditions would improve and the bank and Pullen be saved from bankruptcy. We cannot overturn the conclusion by the trial court in this regard.

Having reached the above conclusions upon the findings by the trial court that there was an effective delivery of the deed and no unlawful transaction, it is unnecessary to consider other questions presented.

*By the Court.*—Judgment affirmed.